IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CHRIS ROSAUER,<br><br>                    Plaintiff,<br><br>vs.<br><br>ALASKA DIESEL ELECTRIC, INC.,<br><br>                    Defendant. | No. 3:23-cv-00033-HRH |

O R D E R

Motion for Summary Judgment

Defendant Alaska Diesel Electric, Inc. (herein "Alaska Diesel") moves for summary judgment that Plaintiff Chris Rosauer has failed to show that damage to his fishing vessel was caused by Alaska Diesel.[1] The motion is opposed by Rosauer,[2] and Alaska Diesel has replied.[3] Oral argument has not been requested and is not deemed necessary.

Facts

These are the undisputed facts.[4] Rosauer owns and operates the fishing vessel F/V

---

[1] Docket No. 58.

[2] Docket No. 67.

[3] Docket No. 72.

[4] Contrary to Alaska Diesel's arguments, "at summary judgment a district court may consider hearsay evidence submitted in an inadmissible form, so long as the underlying evidence could be provided in an admissible form at trial, such as by live testimony." JL Bev. Co., LLC v. Jim Beam Brands Co., 828 F.3d 1098, 1110 (9th Cir. 2016). There is no indication that Rosauer or Payne would be unavailable

ORDER – Motion for Summary Judgment

INTREPID.[5] During the 2020 fishing season, Rosauer noticed that the solenoid stopped working on his Lugger engine.[6] That meant he had to climb down into the engine room to turn off the engine instead of being able to shut off the engine from the wheelhouse.[7]

In March 2021, Rosauer entered into a contract with Alaska Diesel to repair the F/V INTREPID's solenoid while the vessel was moored in Whittier, Alaska.[8] Alaska Diesel sent technician Wyatt Payne to Whittier.[9] Payne arrived on March 16, 2021.[10] Over the next six or so weeks, Payne removed the fuel pump three times for repair by a third-party and adjusted the engine's timing in an attempt to solve persistent engine issues.[11] The engine still did not run smoothly.[12]

On April 19, 2021, Rosauer and his crew participated in a spill drill.[13] During the drill, the engine started running poorly.[14] In an attempt to address the issue, Payne adjusted the engine's timing, and ultimately again removed the fuel pump.[15] Payne installed the

---

to testify at trial.

[5] Rosauer Decl. at 1, ¶ 2, Docket No. 68.

[6] Rosauer Decl. at 1, ¶ 2, Docket No. 68.

[7] Rosauer Decl. at 1-2, ¶ 2, Docket No. 68.

[8] Complaint at 3, ¶ 9, Docket No. 1; Answer at 2, ¶ 9, Docket No. 10.

[9] Complaint at 3, ¶ 10, Docket No. 1; Answer at 2, ¶ 10, Docket No. 10.

[10] Complaint at 3, ¶ 11, Docket No. 1; Answer at 2, ¶ 11, Docket No. 10.

[11] Exhibit B, Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket No. 69-2; Rosauer Decl. at 2-3, ¶ 5, Docket No. 68.

[12] Rosauer Decl. at 2-4, ¶¶ 5, 9, 11-13, Docket No. 68.

[13] Rosauer Decl. at 5, ¶ 14, Docket No. 68.

[14] Rosauer Decl. at 5, ¶ 14, Docket No. 68.

[15] Rosauer Decl. at 5, ¶ 14, Docket No. 68; Exhibits B & D, Plaintiff's Response to

repaired fuel pump for the fourth time on April 28, 2021.[16] The engine still ran roughly.[17]

On April 30, 2021, Payne quit working for Alaska Diesel.[18] He immediately began working directly for Rosauer as a deck hand.[19] On May 3, 2021, after speaking with Scott Dyball at Alaska Diesel, Payne again removed the fuel pump and sent it for repair.[20] On May 20, 2021, Payne received and installed the rebuilt fuel pump.[21] On May 23, 2021, during the vessel's voyage from Whittier to Valdez, the vessel's transmission stopped working properly.[22] Payne and Rosauer saw smoke coming from the engine room and transmission lubricating oil on the engine room floor.[23] There was no lubricating oil left in the transmission.[24] Payne refilled the transmission with lubricating oil and it eventually started working again.[25]

On June 12, 2021, Rosauer took the vessel to Cordova, and Cordova Outboard tuned

---

Defendant's Motion for Summary Judgment, Docket Nos. 69-2, 69-4.

[16] Exhibit B, Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket No. 69-2; Complaint at 4, ¶ 16, Docket No. 1; Answer at 3, ¶ 16, Docket No. 10.

[17] Rosauer Decl. at 6, ¶ 18, Docket No. 68.

[18] Complaint at 4, ¶ 17, Docket No. 1; Answer at 3, ¶ 17, Docket No. 10.

[19] Payne Decl. at 2, ¶ 5, Docket No. 59; Rosauer Decl. at 7, ¶ 20, Docket No. 68.

[20] Rosauer Decl. at 7, ¶ 21, Docket No. 68; Exhibit E, Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket No. 69-5.

[21] Payne Decl. at 3, ¶ 10, Docket No. 59; Rosauer Decl. at 7, ¶ 21, Docket No. 68.

[22] Payne Decl. at 4, ¶ 13, Docket No. 59; Rosauer Decl. at 7-8, ¶ 22, Docket No. 68.

[23] Payne Decl. at 4, ¶ 13, Docket No. 59; Rosauer Decl. at 7-8, ¶ 22, Docket No. 68.

[24] Payne Decl. at 4, ¶ 13, Docket No. 59; Rosauer Decl. at 7-8, ¶ 22, Docket No. 68.

[25] Payne Decl. at 4, ¶ 13, Docket No. 59; Rosauer Decl. at 7-8, ¶ 22, Docket No. 68.

the fuel pump and got the engine running smoothly.[26] The vessel conducted fishing operations from around June 16 to July 1, 2021.[27] On July 1 or 2, 2021, the vessel's transmission failed.[28] On July 2, 2021, Payne resigned from Rosauer's employ.[29]

Numerous other facts are contested in this case. First, Rosauer maintains that when Payne adjusted the engine's timing in April 2021, he removed the starter—which required Payne to lay on the transmission cooling lines—and barred the engine over.[30] But Payne denied leaning on the transmission cooling lines, and Alaska Diesel's expert opined in rebuttal that the engine's timing could be adjusted without removing the starter.[31] Further, Alaska Diesel's expert observed that the fuel pump was on the opposite side of the engine from the starter, and so Payne might not have disturbed the coolant lines while attempting to fix the fuel pump or to adjust the engine's timing.[32]

Second, Rosauer states that on April 28, 2021, Payne reinstalled the fuel pump for a fourth time and adjusted the engine's timing; then Rosauer and Payne sea trialed the F/V INTREPID; and, "[u]pon the Vessel's return, Payne noticed oil on the floor" and tightened

---

[26] Rosauer Decl. at 8, ¶ 23, Docket No. 68.

[27] Payne Decl. at 4, ¶ 15, Docket No. 59; Rosauer Decl. at 8, ¶¶ 23-24, Docket No. 68.

[28] Payne Decl. at 5, ¶ 16, Docket No. 59; Rosauer Decl. at 8, ¶ 24, Docket No. 68.

[29] Payne Decl. at 5, ¶ 17, Docket No. 59.

[30] Rosauer Decl. at 5, ¶ 14, Docket No. 68.

[31] Payne Decl. at 3, ¶ 8, Docket No. 59; Exhibit 1 at 2, Defendant's Reply, Docket No. 73-1.

[32] Defendant's Reply at 10-11, Docket No. 72 (citing Exhibit 1 at 2, Defendant's Reply, Docket No. 73-1).

the cooling line fitting.[33] According to Rosauer, Payne said that the line was good to go.[34] It is unclear whether the sea trial and return also occurred on April 28, 2021. Rosauer maintains that Payne failed to adequately tighten the transmission cooling line fitting and that caused the subsequent leak and transmission failure on May 23, 2021, and the total transmission failure on July 1, 2021.[35]

In contrast, Alaska Diesel argues that "[n]o leakage from the transmission cooling lines was noted until May 22, 2021,"[36] and Payne's declaration states that he noticed a leak from the transmission cooling lines, tightened the fittings, and cleaned up the oil on May 22, 2021.[37]

Third, Rosauer states that Payne told him that he had no training or experience working on Lugger engines, and that he had never seen a Lugger engine before.[38] Rosauer maintains that he called Alaska Diesel to get help for Payne in fixing the engine issues, but Alaska Diesel largely refused to provide support.[39] On the other hand, Payne says that Rosauer never questioned his abilities or competency during his employment.[40] And Alaska Diesel contends that it "properly train[ed] and supervise[d]" Payne.[41]

---

[33] Rosauer Decl. at 5-6, ¶ 17, Docket No. 68.

[34] Rosauer Decl. at 6, ¶ 17, Docket No. 68.

[35] Rosauer Decl. at 7-8, ¶ 22, Docket No. 68.

[36] Defendant's Reply at 9, Docket No. 72.

[37] Payne Decl. at 3, ¶ 11, Docket No. 59.

[38] Rosauer Decl. at 2, ¶ 3, Docket No. 68.

[39] Rosauer Decl. at 3-4, ¶¶ 6, 8, 13, Docket No. 68.

[40] Payne Decl. at 5, ¶ 18, Docket No. 59.

[41] Defendant's Motion for Summary Judgment at 16, Docket No. 58; see Exhibit D

ORDER – Motion for Summary Judgment 5

Standard of Review

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial." Id. at 324 (quoting Fed. R. Civ. P. 56(e) (1986)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248-49 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)).

When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor. Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)).

Discussion

I. Breach of Contract

In the Complaint, Rosauer alleges that Alaska Diesel breached the contract between

---

at 1, Defendant's Motion for Summary Judgment, Docket No. 60-4 (Alaska Diesel's expert rebuttal report opining that Payne "is a competent engine repair technician.").

the parties "by failing to repair the F/V INTREPID's engine and causing further damage to the engine."[42] Alaska Diesel contends that it did not breach the contract because Rosauer terminated the contract on April 30, 2021, when he hired Payne himself, and Alaska Diesel only sought payment for charges through April 30, 2021.[43] Alaska Diesel also asserts that Rosauer was "Payne's employer during all of the final repairs of the Vessel's fuel pump and during all of the alleged acts of damage that occurred."[44] Rosauer responds that the "*actual* issue is whether Payne's adjusting the timing of the INTREPID and laying on the transmission oil coolant lines as a part of the timing adjustment process in April 2021, while employed by ADE, was the proximate cause of both the Vessel's transmission issue in May 2021 and its complete transmission failure in July 2021."[45]

The Court finds that a dispute of material fact remains as to whether Payne disturbed the transmission cooling lines and, if he did, when that occurred. There is also a dispute of material fact as to when Payne noticed the leak and tightened the line fitting. Further, a dispute of material fact remains as to whether Payne was qualified to perform the repairs and whether he was properly trained or supervised by Alaska Diesel. Because genuine issues of material fact exist regarding Payne's conduct while he was employed by Alaska

---

[42] Complaint at 7, ¶¶ 36-37, Docket No. 1.

[43] Defendant's Motion for Summary Judgment at 11-12, Docket No. 58; Exhibit A, Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket No. 69-1.

[44] Defendant's Motion for Summary Judgment at 12, Docket No. 58.

[45] Plaintiff's Response to Defendant's Motion for Summary Judgment at 16, Docket No. 67.

ORDER – Motion for Summary Judgment                                            7

Diesel, Alaska Diesel's motion for summary judgment on Rosauer's breach of contract claim is denied.

II.  Breach of Warranty of Workmanlike Performance

In the Complaint, Rosauer alleges that Alaska Diesel breached the implied warranty of workmanlike performance "by assigning an incompetent mechanic to work on Plaintiff's engine and failing to supervise, train, and support the same mechanic."[46]

"To succeed on a claim for breach of the implied warranty of workmanlike performance, a plaintiff must show it suffered damages as a result of the contractor's failure to use 'the degree of diligence, attention, and skill adequate to complete the task.'" Maritech Marine Servs., LLC v. Bay Welding Servs., Inc., 593 F.Supp.3d 902, 914 (D. Alaska 2022) (quoting Prowler, LLC v. York Int'l Corp., Case No. C06-660JLR, 2007 WL 2363046, at *5 (W.D. Wash. Aug. 14, 2007)).

Alaska Diesel contends that it is entitled to summary judgment on Rosauer's claim for breach of the warranty of workmanlike performance because the alleged damage occurred while Payne was employed by Rosauer.[47] Rosauer responds that "Payne's forty-plus days tinkering with the INTREPID's fuel pump without additional assistance from his employer, despite Rosauer's phone calls requesting such help, is evidence of Payne's and ultimately ADE's lack of competence, absence of professionalism, complete inexperience, and faulty workmanship."[48] Rosauer asserts that "Cordova Outboard's complete tuning of

---

[46] Complaint at 8, ¶ 41, Docket No. 1.

[47] Defendant's Motion for Summary Judgment at 13, Docket No. 58.

[48] Plaintiff's Response to Defendant's Motion for Summary Judgment at 19, Docket

ORDER – Motion for Summary Judgment  8

the fuel pump in just thirty minutes" demonstrates "Payne's lack of qualifications, competence, and experience."[49] Further, according to Rosauer's expert, the fuel pump should have been repaired by March 21, 2021.[50]

The Court finds that a dispute of material fact remains as to whether Payne's and Alaska Diesel's performance on the contract before April 30, 2021, was substandard. Further, as noted above, there is a dispute of fact as to whether Payne's conduct while he was employed with Alaska Diesel was the proximate cause of the coolant line leak and transmission failure. Alaska Diesel's motion for summary judgment on Rosauer's claim for a breach of the warranty of workmanlike performance is denied.[51]

III. Negligence

In the Complaint, Rosauer alleges that Alaska Diesel had a duty to exercise reasonable care in providing engine repair services and it breached that duty by "sending an incompetent mechanic to repair Plaintiff's engine, failing to properly train or supervise the same mechanic, and further damaging (rather than fixing) the subject engine."[52] Rosauer claims that Alaska Diesel's negligence caused damages, including a damaged

---

No. 67.

[49] Id.

[50] Id. (citing Exhibit K at 1, Plaintiff's Response to Defendant's Motion for Summary Judgment, Docket No. 69-11).

[51] Rosauer disclaims any breach of contract claim based on Payne's conduct after April 30, 2021. See Plaintiff's Response to Defendant's Motion for Summary Judgment at 16, Docket No. 67 (arguing that Alaska Diesel's "discussion of the employer-employee relationship" is a "red herring" and suggesting that Payne's employment status in May 2021 is irrelevant).

[52] Complaint at 8, ¶¶ 44-45, Docket No. 1.

ORDER – Motion for Summary Judgment 9

engine, loss of use and opportunity, loss of fishing income, and repair costs.[53]

"[T]he elements for a maritime negligence cause of action are defined similarly to the common law: a duty, a breach of the duty, proximate cause, and damages." <u>Maritech Marine Servs., LLC.</u>, 593 F.Supp.3d at 913. "The existence and extent of a duty of care are questions of law, but proximate cause and whether such a duty has been breached are questions of fact. . . . Whether the defendant acted reasonably is ordinarily a question for the trier of fact." <u>Martinez v. Korea Shipping Corp</u>, 903 F.2d 606, 609 (9th Cir. 1990). "In admiralty, the touchstone of proximate cause is foreseeability; the injury or damage must be a reasonably probable consequence of the defendant's act or omission." <u>Cabading v. Port of Portland</u>, 598 F. Supp. 3d 1009, 1023 (D. Or. 2022) (citation omitted).

Alaska Diesel maintains that it is entitled to summary judgment on Rosauer's negligence claim because Rosauer's assertion that Payne caused the coolant leak is "baseless" and "[d]issatisfaction with the speed of a repair is not enough to support a claim for negligence."[54] Alaska Diesel further argues that Rosauer has not alleged that any damages occurred on or before April 30, 2021, or that Payne's conduct while he was employed by Alaska Diesel caused the damage to the vessel after that date, as "several mechanics also serviced the Vessel and the Vessel took numerous voyages before the transmission failed."[55] Rosauer responds that Payne's conduct in April 2021 proximately caused the coolant leak and transmission failure, and that his "numerous removals and

---

[53] <u>Id.</u> at 8, ¶ 46.

[54] Defendant's Motion for Summary Judgment at 15, Docket No. 58.

[55] <u>Id.</u> at 15, 17-18.

ORDER – Motion for Summary Judgment 10

tunings of the fuel pump evidence Payne's incompetence and ADE's failure to assist him."[56]

First, the Court finds as a matter of law that Alaska Diesel owed Rosauer a duty of reasonable care during the time Payne worked on the F/V INTREPID as an Alaska Diesel employee.

Second, as to whether there was a breach of Alaska Diesel's duty, as noted above, disputes of material fact remain as to if and when Payne disturbed the transmission cooling lines, when Payne observed the coolant leak and tightened the fitting, and Payne's qualifications and Alaska Diesel's training and supervision of Payne before April 30, 2021. Therefore, whether Alaska Diesel breached its duty to Rosauer is an issue of fact that must go to the jury.

Third, regarding causation, viewing the facts in the light most favorable to Rosauer, Payne discovered and allegedly remedied the coolant leak on April 28, 2021. After that date, Payne removed the fuel pump again on May 3, 2021, and sent it for repair. It was returned and reinstalled by Payne on May 19, 2021. On May 23, 2021, the F/V INTREPID made a trip from Whittier to Valdez when the transmission stopped working and transmission oil was discovered on the engine room floor. The F/V INTREPID made another trip on June 12, 2021, to Cordova, and Cordova Outboard tuned the fuel pump. The F/V INTREPID then conducted fishing operations from around June 16 to July 1, 2021. The transmission failed completely on July 1, 2021.

---

[56] Plaintiff's Response to Defendant's Motion for Summary Judgment at 20, Docket No. 67.

ORDER – Motion for Summary Judgment 11

A reasonable jury could find that the foregoing, post-April 30, 2021, events did not break the causal chain between Payne's alleged conduct and Alaska Diesel's alleged breach and the transmission failure. A reasonable jury could therefore find that the damage was a reasonably probable consequence of Payne's pre-April 30, 2021, conduct. Proximate cause therefore is also a question for the jury.

Finally, Rosauer has adequately alleged damages that Alaska Diesel could be liable for if Alaska Diesel is found negligent. Alaska Diesel's motion for summary judgment on Rosauer's negligence claim is denied.

IV.  Unfair Trade Practices and Consumer Protection Act

In the Complaint, Rosauer alleges that Alaska Diesel violated the Unfair Trade Practices and Consumer Protection Act (herein "UTPCPA") by (1) "Representing that its services are of a particular standard, quality, or grade, but providing services to Plaintiff of a lesser standard, quality, or grade"; (2) "Engaging in conduct creating a likelihood of confusion or of misunderstanding and which misled, deceived, and/or damaged Plaintiff in connection with the sale or advertisement of Defendant's services"; and (3) "Using deception, false pretense, false promise, misrepresentation, in connection with the sale or advertisement of services it provided to Plaintiff."[57]

The UTPCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce." AS § 45.50.471(a). "Whether an act is 'unfair' is determined by using the flexible and somewhat vague Sperry & Hutchison

---

[57] Complaint at 9, ¶ 48, Docket No. 1.

standards, whereas whether an act is 'deceptive' is determined simply by asking whether it 'has the capacity or tendency to deceive.'" Borgen v. A&M Motors, Inc., 273 P.3d 575, 591 (Alaska 2012) (quoting ASRC Energy Servs. Power & Commc'ns, LLC v. Golden Valley Elec. Ass'n, Inc., 267 P.3d 1151, 1159-60 (Alaska 2011)). "The acts specified in AS 45.50.471(b) are unfair or deceptive by definition." Id. (quoting Alaska Pattern Jury Instruction 10.01B (2005)). The provisions Rosauer invokes nearly verbatim in the Complaint are found at AS § 45.50.471(b)(6), (11) & (12).[58]

Alaska Diesel contends that it is entitled to summary judgment on the UTPCPA claim because Rosauer does not specifically allege what conduct by Alaska Diesel was misleading or deceptive, nor does he show how Alaska Diesel's services were misrepresented.[59]

In response, Rosauer points to allegations in the Complaint that Alaska Diesel is in the business of servicing and repairing marine engines, publicly represented that it works on Lugger equipment, advertised that "Service is Our Priority," and represented that an

---

[58] Alaska Stat. § 45.50.471(b)(6) prohibits "representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another"; id. § 45.50.471(b)(11) prohibits "engaging in any other conduct creating a likelihood of confusion or of misunderstanding and that misleads, deceives, or damages a buyer or a competitor in connection with the sale or advertisement of goods or services"; and id. § 45.50.471(b)(12) prohibits "using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived, or damaged."

[59] Defendant's Motion for Summary Judgment at 20, Docket No. 58.

ORDER – Motion for Summary Judgment 13

expert team would render services in remote places of Alaska.[60] Relying on his declaration, Rosauer claims that Alaska Diesel sent an untrained and uncertified technician to work on the engine who removed the fuel pump and adjusted the engine's timing multiple times, and he damaged and then inadequately fixed the transmission coolant lines.[61] Rosauer also alleges that he asked Alaska Diesel to support Payne during his work on the F/V INTREPID, but his requests went unfulfilled.[62] Rosauer posits that Alaska Diesel's conduct violated AS § 45.50.471(b)(6), (8), (13) & (15).[63]

First, the Court will not consider Rosauer's UTPCPA claims based on AS § 45.50.471(b)(8), (13) or (15) because those grounds were not alleged in his Complaint. Rosauer "may not effectively amend [his] Complaint by raising a new theory . . . in [his] response to a motion for summary judgment." La Asociacion De Trabajadores De Lake v. City of Lake Forest, 624 F.3d 1083, 1089 (9th Cir. 2010).

Next, the Court finds that disputes of fact preclude summary judgment on Rosauer's UTPCPA claims pursuant to AS § 45.50.471(b)(6), (11) & (12). Rosauer alleged that Alaska Diesel represented that it serviced Lugger engines and sent Payne to work on the F/V INTREPID. Payne's qualifications and competency to perform the necessary repairs of the F/V INTREPID's engine are disputed. The parties also dispute how long a repair

---

[60] Plaintiff's Response to Defendant's Motion for Summary Judgment at 23, Docket No. 67 (citing Complaint at 2, ¶¶ 6-8, Docket No. 1).

[61] Id. at 25 (citing Rosauer Decl. at 2, 5-8, ¶¶ 3, 14, 19, 22, 24, Docket No. 68).

[62] Id. (citing Rosauer Decl. at 3-4, ¶¶ 6, 8, 13, Docket No. 68).

[63] Id.

ORDER – Motion for Summary Judgment 14

would have taken if the repair had been conducted by a qualified technician. If a jury finds that Payne's qualifications or performance was substandard or that he had no experience or training working on Lugger engines, then a reasonable jury could also find that Alaska Diesel's representations were deceptive. Alaska Diesel's motion for summary judgment on Rosauer's UTPCPA claim is denied.

## Conclusion

Alaska Diesel's motion for summary judgment[64] is denied.

DATED at Anchorage, Alaska this 20th day of March, 2025.

/s/ H. Russel Holland
United States District Judge

---

[64] Docket No. 58.